IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:17-CR-104 |
| v. | ) | |
| | ) | Honorable Claude M. Hilton |
| THOMAS SCOTT BROWN, | ) | |
| | ) | Sentencing: September 15, 2017 |
| Defendant | ) | |

**United States' Sentencing Position**

The United States of America, through undersigned counsel and in accord with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual ("Guidelines"), hereby provides its position with respect to sentencing for defendant Thomas Scott Brown. The defendant circumvented safeguards put in place to protect a financial institution charged with disbursing home equity loans, ultimately causing dozens of homes to be foreclosed upon, resulting in losses north of $2.7 million for Navy Federal Credit Union ("NFCU"). For these and other reasons discussed more fully below, the United States respectfully recommends that the Court impose a sentence of 41 months,[1] a period of supervised release of 2 years, forfeiture in the amount of $1,448,116, and full restitution as described in greater detail below.[2]

---

[1] The United States' recommendation is based upon the Guidelines range as calculated by the United States and the defendant. Should the Court find the additional sentencing enhancement as outlined by the Probation Office and included in the Presentence Investigation Report ("PSR), the United States would nevertheless recommend the same sentence.

[2] Included in both the PSR advisory Guidelines calculations is a three-level decrease for acceptance of responsibility. In this respect, the United States agrees with the PSR that the defendant qualifies, pursuant to U.S.S.G. § 3E1.1(a), for a two-level reduction. In addition, the defendant timely notified the United States of his intention to plead guilty, thus permitting the United States to avoid preparing for trial and to allocate its resources more efficiently. Accordingly, the United States hereby moves, pursuant to § 3E1.1(b), to decrease the defendant's offense level by one additional level.

I.   **Factual Background**[3]

The defendant is a 47-year-old resident of Atlanta, Georgia. The defendant opened his own business, T. Brown and Company, in 1999. Thereafter, he began purchasing investment properties in Georgia, specifically in Macon, Georgia. Eventually, in the early-to-mid 2000s, the defendant purchased properties for other individuals and attempted to profit from those purchases by using Company #1, a law firm specializing in real estate transactions, to perform the property closings and by subsequently having the buyers apply for home equity loans with various banks.

One such bank was NFCU. From approximately 2006 through 2007, the defendant employed a routine process to defraud NFCU. His scheme had essentially three parts. First, the defendant purchased properties for buyers with his own money. Then, using Company #1 to transfer the ownership paperwork, he would falsely claim that the buyer had already paid him in full for the property when, in reality, they still owed him for the transaction.

Second, the defendant directed the individuals to apply for a home equity loan with NFCU. In some instances, these individuals were not existing NFCU members. Therefore, in order to consistently abuse the loan process, the defendant instructed his buyers to falsify information that allowed them to gain membership, knowing full well that home equity loans cannot be used to purchase the property that the loan is against. As such, he also told buyers to fraudulently misrepresent to NFCU that they purchased and owned the properties free of any liens. NFCU approved these loans, based on the representations of the buyers and the false statements contained in the paperwork submitted to the company, which both the defendant and his buyers signed.

---

[3] The PSR and the Statement of Facts ("SoF") signed by the defendant (Doc. No. 6) adequately set forth the offense conduct in this case.

Third, the defendant directed buyers to use money from the approved home equity loan disbursement to repay him. He exercised further control over the scheme by telling individuals what specific amounts to give him, as well as when these payments should be made.

The defendant used this process to direct numerous individuals to apply for loans for more than 50 properties with NFCU. PSR ¶¶ 58-59. In doing so, he profited handsomely on selling the properties for difference between what he paid for the properties and what he charged the buyers out of their home equity loan disbursement. In total, the defendant pocketed $1,448,116 from the scheme. NFCU, however, was never repaid for a number of these home equity loans. Instead, after these loans were distributed, fifty-one of the properties the defendant sold eventually went into foreclosure, causing NFCU more than $2.7 million in losses.

On June 9, 2017, the defendant pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 & 2, and one count of false statement to a financial institution, in violation of 18 U.S.C. § 1014 & 2.

## II. Guidelines Calculation

As the Court is well aware, although the Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing a court "must first calculate the Guidelines range." *Nelson v. United States*, 555 U.S. 350, 351 (2009). Here, the parties agree that the appropriate Guidelines range with respect to incarceration is 41- 51 months. That includes a base offense level of 7, a 16-level enhancement based on a total loss of more than $1,500,000 but less than $3,500,000; and a 2-level enhancement based on the defendant's role as an organizer or leader of

the offense. It also includes a 3-level reduction for the defendant's acceptance of responsibility and timely notification to the United States of his intention to plead guilty.[4]

## III. Section 3553(a) Factors

As the Court is also well aware, after calculating the Guidelines, a sentencing court must then consider that Guidelines range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to § 3553(a)'s enumerated factors, of particular pertinence here are the "nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense," "the history and characteristics of the defendant," the need "to promote respect for the law," the need for the sentence "to afford adequate deterrence to criminal conduct." § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(7). As explained below, based on those factors, a sentence of 41 months is warranted, appropriate, and reasonable.

### A. The Nature & Circumstances of the Offense

The defendant's crime was unquestionably serious; indeed, it is a serious offense whenever someone directs other individuals to lie and falsify documentation on multiple occasions in order to defraud a financial institution. And, as the Court is well aware, this was not a one-time fraud in which the defendant orchestrated a single misrepresentation on one home equity loan application.

---

[4] The Probation Office found that the defendant derived more than $1,000,000 in gross receipts from this offense, and therefore applied a 2-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(16)(A). However, as part of its plea agreement with the defendant, the United States agreed not to pursue this enhancement at sentencing. *See* Plea Agreement. Dkt. No. 5 at ¶ 5(c). Though the Court (nor the Probation Office) are bound by that agreement, the United States will not advocate for this enhancement in light of its agreement with the defendant. If the Court nevertheless agrees with the Probation Office and applies the enhancement, then the defendant's Guidelines range becomes 51-63 months.

Quite the contrary, the defendant directed buyers to make these representations dozens of times. Over the course of two years, the defendant was essentially defrauding NFCU at least once a month. He knew what he was doing circumvented the loan process, but driven by greed, the defendant nevertheless continued to cut corners. And unfortunately, many of his buyers lost their properties as a result. Those individuals made what, in hindsight, were poor decisions to go along with the defendant's scheme, but he nevertheless took advantage of them and of the system. No one bore a greater cost for the defendant's actions than NFCU. Simply put, the defendant's criminal activities were not the product of one mistake. They were the product of repeated choices. He chose to steal from NFCU on more than five dozen occasions. Accordingly, given the scope and seriousness of the defendant's criminal conduct, a sentence of 41 months is warranted in this case.

### B. The History and Characteristics of the Defendant

A sentence of 41 months also is necessary in light of the defendant's personal history and characteristics. Unlike many of the defendants who appear before this Court, this defendant enjoyed a stable upbringing where all of his basic needs were met. He further described having a "great" relationship with his family who has remained supportive of him throughout the instant offense. PSR ¶ 91. The defendant also has obtained an undergraduate degree from a respected institution and started his own company in 1999.

Clearly, the defendant was more than capable of living a law-abiding life. Prior to the conduct that brought about the instant offense, he had demonstrated an ability to run his business lawfully. However, at some point, the defendant decided to make more money more rapidly by going around the system rather than working within it to obtain legitimate home equity loans. Given his background, the defendant was taught better and he knew better, yet he nevertheless

decided to engage in criminal activity. He was an adult with the maturity and life experience to make lawful choices, but he chose not to. Thus, the recommended sentence properly accounts for the defendant's personal history and characteristics.

### C. The Need for General and Specific Deterrence

The need for general deterrence also warrants a sentence of 41 months. General deterrence is important in any white-collar case, but it is even more important with respect to defendants who bypass safeguards and impact the stability of systems of financial institutions for their own personal gain. That is even more so where, as here, the defendant used his neighbors, family members, and friends to effectuate his scheme.

Similarly, general deterrence is an important factor for crimes, like the defendant's, that involve substantial financial benefit to the defendant and require conscious, repeated decision making to act illegally because ultimately the personal benefit of doing so outweighs the likelihood of getting caught and the duration of any potential imprisonment when caught.

A term of imprisonment of 41 months is thus necessary to send a message to other would-be Thomas Browns that crimes like this one that result in significant financial losses and the foreclosure of dozens of homes will be met with a significant term of incarceration.

## IV. Forfeiture & Restitution

The United States asks the Court to enter a Preliminary Order of Forfeiture in the amount of $1,448,116, as part of the final judgment in this case.[5]

---

[5] At the time of the filing of this sentencing position, the United States, the defendant, and the victim are discussing the contours of the forfeiture agreement. The United States will present the Court with a courtesy copy of a proposed Preliminary Order of Forfeiture prior to the sentencing hearing.

The United States further asks that this Court impose restitution to the victim, Navy Federal Credit Union, in the amount of $2,723,185.95—the total amount agreed upon by the parties and the Probation Office. The United States has attached a proposed restitution order to this sentencing position.

**V. Conclusion**

Based on the foregoing, the United States respectfully recommends that this Court impose a sentence of 41 months and 2 years of supervised release. The government further requests that the Court impose forfeiture and restitution as outlined above.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney


By: _____/s/_____
        Jamar K. Walker
        Counsel for the United States
        Assistant United States Attorney
        U.S. Attorney's Office
        2100 Jamieson Ave
        Alexandria, VA
        Phone: 703-299-3700
        Fax: 703-299-3981
        Email: jamar.k.walker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

A copy also will be sent via email to:

>Tracey M. White
>Senior United States Probation Office
>Tracey_White@vaep.uscourts.gov

By: _____/s/_____
Jamar K. Walker
Assistant United States Attorney